O

# United States District Court
# Central District of California

| | |
|---|---|
| GREG YOUNG PUBLISHING, INC., <br><br> Plaintiff, <br><br> v. <br><br> HARMONY YACHT VACATIONS, LLC; BRADLEY R. MATHESON; and DOES 1 to 10, <br><br> Defendants. | Case No.: 2:16-cv-02727-ODW (SHS) <br><br> **ORDER DENYING DEFENDANTS' MOTION TO DISMISS [16]** |

## I. INTRODUCTION

Plaintiff Greg Young Publishing, Inc. ("GYP") filed this action against Defendants Harmony Yacht Vacations, LLC ("HYV") and Bradley R. Matheson for copyright infringement in violation of 17 U.S.C. § 501. Defendants now move to dismiss the Complaint for lack of personal jurisdiction. After considering the merits of Defendants' arguments, the Court **DENIES** the Motion to Dismiss.[1]

## II. FACTUAL BACKGROUND

GYP is a California corporation headquartered in Santa Barbara, California. (Compl. ¶ 1.) GYP, headed by Greg Young, represents artists and assists them in marketing and selling their artwork. (*Id.* ¶ 6.) GYP owns the copyrights for the works

---

[1] Having carefully considered the papers filed in support of and in opposition to this Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

of the artists that it represents, and it licenses these works to various third parties, including online dealers such as Art.com and Allposters.com. (*Id.* ¶¶ 9, 20.) GYP registers the artwork with the U.S. Copyright Office and has taken measures to protect against infringement, such as by displaying a notice of copyright on all of the artwork it displays on its website and the websites of authorized third-party dealers. (*Id.* ¶ 12.) GYP also requires all authorized third-party dealers to place a copyright notice and an artist attribution on the artwork they sell. (*Id.*)

One of the artists that GYP represents is Kerne Erickson. (*Id.* ¶ 7.) Erickson painted an artwork known as "Escape to Cuba," which depicts a shaded beach chair overlooking the ocean with a large beach hat resting on top of the beach chair with the words "Escape to Cuba" painted in green and yellow cursive above the chair. (*Id.* Ex. A.) GYP owns the copyright for the "Escape to Cuba" painting. (*Id.* ¶¶ 7, 8, Ex. B.) All of Erikson's posters sold on Art.com and Allposters.com have his signature on them, and also include a copyright notice.[2] (*Id.* ¶ 20.)

HYV is a Florida limited liability company that has its principal place of business in Key West, Florida. (Matheson Decl. ¶ 2, ECF No. 16-2; Compl. ¶ 2.) Matheson is a resident of Key West, Florida, and is the president and founder of HYV. (Matheson Decl. ¶¶ 1–2.) HYV is a charter and yacht sales company that has positioned itself to profit from the newly-opened travel between the United States and Cuba by allowing customers to charter yachts for the voyage. (Compl. ¶¶ 13, 15; Matheson Decl. ¶ 4.) After founding HYV, Matheson purchased a poster of "Escape to Cuba" from either Art.com or Allposters.com. (Compl. ¶ 23.) Matheson then edited the painting by removing the "K. Erickson" signature and changing the words on the painting from "Escape to Cuba" to "SailingCuba.com," but maintained the color and cursive design of the text. (*Id.* ¶¶ 25–26, Exs. F, G.) Matheson proceeded to use the altered version of "Escape to Cuba" on HarmonyYachtVacations.com,

---

[2] The copyright notice provides: "Published and distributed by Greg Young Publishing P.O. Box 30567, Santa Barbara CA 93130-0567 www.gregyoungpublishing.com (800) 962-3373 copyright 2005 Greg Young Publishing All Rights Reserved Made in the USA." (Compl. ¶ 20.)

2

1 SailingCuba.com, StockIslandMarina.com, and SailingMagazine.net. (*Id.* ¶ 27, Exs. H-1, I, J.) Matheson also used the altered image on Facebook, Instagram, and as color-print advertisements in *Sailing* magazine and *Cruising World* magazine. (*Id.* ¶¶ 27–28, Exs. K-1, L, M-2, N-2.) The websites on which Matheson displayed the image are accessible from anywhere in the world, and the magazines in which Matheson used the image are sold throughout the United States.[3] (*Id.* ¶¶ 27–28.) Finally, Matheson also used the altered image to create a large banner for a promotion stand, and for business cards. (*Id.* ¶ 30, Exs. P, Q.)

On February 9, 2016, GYP's attorney sent Matheson a cease-and-desist letter concerning the unauthorized use of the "Escape to Cuba" painting. (*Id.* ¶ 31.) Matheson acknowledged receiving the cease-and-desist letter through email correspondence on February 9 and February 10. (*Id.*) However, four days later, Matheson nevertheless used the infringing image as a large promotional banner and on business cards at a Stock Island Marina Village boat show on February 13, 2016. (*Id.* Ex. Q.)

On April 21, 2016, GYP filed this action against Defendants, wherein GYP asserted one claim for copyright infringement in violation of 17 U.S.C. § 501. (Compl. ¶ 34.) On May 18, 2016, Defendants moved to dismiss for lack of personal jurisdiction. (ECF No. 16.) GYP timely opposed. (ECF No. 20.) That Motion is now before the Court for consideration.

### III. LEGAL STANDARD

When a defendant moves to dismiss a complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that the court's jurisdiction over the defendant is proper. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). The court must take the plaintiff's uncontroverted version of facts as true, and any conflicts over the facts must be resolved in the plaintiff's favor. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir.

---

[3] Indeed, GYP purchased copies of the magazines in California. (*Id.* ¶ 28.)

2001).

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). California's long-arm statute is coextensive with federal due process requirements, so the jurisdictional analysis for a nonresident defendant under state law and federal due process is the same. *See* Cal. Code Civ. Proc. § 410.10; *Roth v. Garcia Marquez*, 942 F.2d 617, 620 (9th Cir. 1991). The court may exercise specific jurisdiction over a defendant who has sufficient "minimum contacts" with the forum state such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation marks omitted).[4] In copyright cases, such minimum contacts exist where (1) the defendant "purposefully direct[s]" their activities toward the forum state, (2) the claim arises out of the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. *Marvix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1227–28 (9th Cir. 2011). The plaintiff bears the burden of establishing the first two elements of the test. *Id.* at 1228. If the plaintiff meets its burden, the defendant must then establish a compelling case that the exercise of jurisdiction would be unreasonable. *Id.*

Purposeful direction is determined using the *Calder* effects test, which requires that the defendant (1) commit an intentional act, (2) expressly aimed at the forum state, (3) that causes harm that the defendant knows is likely to be suffered in the forum state. *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672–73 (9th Cir. 2012).

/ / /

/ / /

/ / /

---

[4] Plaintiff does not dispute that Defendants are not subject to general jurisdiction in California.

4

## IV. DISCUSSION

### A. Purposeful Direction

Defendants do not dispute that GYP has established the first element of the *Calder* effects test insofar as GYP alleges that Defendants intentionally infringed the copyright for the "Escape to Cuba" painting. (Mot. at 13.) However, Defendants argue that GYP has not alleged sufficient facts to establish the second or third prong of the *Calder* test. (*Id.* at 13–15.) The Court disagrees.

#### 1. Expressly Aimed at the Forum State

In *Washington Shoe*, the Ninth Circuit held that "the 'express aiming' requirement is satisfied, and specific jurisdiction exists, 'when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.'" *Washington Shoe*, 704 F.3d at 675 (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir.2002) (some internal quotation marks omitted). The Ninth Circuit determined that because the harm caused by a copyright infringement "must be felt at least [in] the place where the copyright is held . . . the impact of a *willful* infringement is necessarily directed there as well." *Id.* at 678 (emphasis in original). As a result, "[w]here [the defendant] knew or should have known that [the plaintiff] is a [company in the forum state], [the defendant's] intentional acts were expressly aimed at [that state]." *Id.*

Here, Defendants knew or should have known that GYP was the copyright owner and a California company because Defendants received the copyright notification upon purchasing the "Escape to Cuba" painting.[5] (Compl. ¶ 12, Exs. C, D, E.) Moreover, Defendants were certainly aware that GYP was the copyright owner and a California company after they received cease and desist letters from GYP. (Compl. ¶ 31.) Therefore, Defendants' intentional acts were expressly aimed at California. *See Washington Shoe*, 704 F.3d at 678.

/ / /

---

[5] *See supra* note 2.

### 2. Harm Suffered in the Forum State

Generally, "[t]he economic loss caused by the intentional infringement of a plaintiff's copyright is foreseeable." *Washington Shoe*, 704 F.3d at 679 (quoting *Mavrix Photo,* 647 F.3d at 1231); *see also McGraw–Hill Cos. v. Ingenium Techs. Corp.*, 375 F.Supp.2d 252, 256 (S.D.N.Y.2005) (stating that "[i]t is reasonably foreseeable that the provision of materials that infringe the copyrights and trademarks of a New York company will have consequences in New York").

Defendants contend that GYP has not asserted facts sufficient to show that Defendants knew any harm was likely to be sustained in California, and that this prong of the *Calder* effects test does not impose constructive knowledge on defendants. (Mot. 15.) However, they provide no case law to support this claim. Moreover, regardless of whatever label Defendants choose to put on the rule, the substance of the rule is still the same: when the loss the defendant causes is foreseeably felt in the forum state, this element of *Calder* is satisfied. *Washington Shoe*, 704 F.3d at 679. Here, based on the allegations in the Complaint, Defendants knew or reasonably should have known that the copyright for the work at issue was owned by a California company, and thus knew or should have known that the economic loss caused by their infringement of that copyright would likely be felt in California. Defendants could therefore reasonably anticipate being haled into court here. *See Washington Shoe*, 704 F.3d at 679 ("A–Z knew or should have known that the impact of its willful infringement of Washington Shoe's copyright would cause harm likely to be suffered in the forum. As a consequence, A–Z can 'reasonably anticipate being haled into court' in Washington." (quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980)).

### B. Defendants' Forum-Related Activities

Defendants argue that GYP cannot establish that the claim arises out of Defendants' forum-related activities because Defendants do not carry on activities in the forum state. (Mot. 16.) However, that is not the test for this prong of *Calder*.

Rather, this prong is satisfied where "the contacts constituting purposeful availment [are] the ones that give rise to the current suit." *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1088 (9th Cir. 2000). This is akin to a but-for causation test. *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1088 (9th Cir. 2000); *see also Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998) (holding that "[w]e must determine if the plaintiff . . . would not have been injured but for the defendant's . . . conduct directed toward [plaintiff] in [the forum]."). In the case at bar, the contacts constituting purposeful direction—i.e., the intentional infringement of a copyright held by a California company—are the ones that give rise to the current suit. Had the infringement not occurred, GYP would not have suffered harm. Thus, this prong is satisfied. *See Bancroft*, 223 F.3d at 1088.

**C.  Reasonableness**

Finally, the third prong of the test for specific jurisdiction provides that the exercise of personal jurisdiction must be reasonable. *Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1146 (N.D. Cal. 2007). Defendants argue that the exercise of personal jurisdiction in this case would be unreasonable. (Mot. 16.) The Court is unpersuaded.

"Jurisdiction is presumed to be reasonable once the first two prongs of the specific jurisdiction test have been met," and the burden shifts to the defendant to present a compelling case that the exercise of jurisdiction would be unreasonable. *Goldberg*, 482 F. Supp. 2d at 1146; *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). To determine reasonableness, the Court must consider the following seven factors: (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest

in convenient and effective relief; and (7) the existence of an alternative forum. *Core-Vent Corp. v. Nobel Industries*, 11 F.3d 1482, 1487–88 (9th Cir. 1993).

In the present case, the degree of purposeful interjection into the forum state's affairs is more than minimal given that Defendants willfully infringed a copyright they knew was owned by a California company. (Compl. ¶¶ 1, 12, 23–31.) Next, although the burden on Defendants of defending in the forum may be large, Defendants should have taken that into consideration when they willfully infringed on GYP's copyright and continued to do so after receiving cease and desist letters. (*Id.* ¶ 31.) There does not appear to be any conflict with the sovereignty of the Defendants' state (Florida), and California has an interest in adjudicating the dispute that involves a domestic corporation. *See Brackett v. Hilton Hotels Corp.*, 619 F. Supp. 2d 810, 818 (N.D. Cal. 2008) (asserting "the Northern District has an interest in adjudicating the copyright infringement claims of its residents."). Because the location of evidence appears evenly divided between California and Florida, this factor does not favor dismissal; indeed, "this factor is 'no longer weighed heavily given the modern advances in communication and transportation.'" *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1133 (9th Cir. 2003) (citations omitted). This forum is important to GYP's interest in convenient and effective relief because GYP is located in California and is the injured party. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (determining that the nonmovant "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). Finally, despite the fact that an alternative forum may exist where Defendants are located in Florida, the majority of factors weigh in favor of remaining in the present forum.

In short, the Defendants have failed to make a compelling case that the exercise of jurisdiction would be unreasonable. Specifically, the Defendants have failed to establish that the burden of litigating in California outweighs the general presumption in favor of a plaintiff's choice of forum. *See Brackett*, 619 F. Supp. 2d at 818.

## V.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendants' Motion to Dismiss in its entirety.

**IT IS SO ORDERED.**

July 11, 2016

_____
         **OTIS D. WRIGHT, II**
     **UNITED STATES DISTRICT JUDGE**